**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEIDY SANDOVAL PINEDA and M.E.S., | No. 24-3826 |
| Petitioners, | Agency Nos. A240-045-108 A220-962-219 |
| v. | MEMORANDUM* |
| PAMELA J. BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2025**

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Lead petitioner Leidy Sandoval Pineda ("Lead Petitioner") and her minor

daughter, citizens of Colombia, petition for review of the Board of Immigration

Appeals' ("BIA") dismissal of their appeal of an Immigration Judge's ("IJ") order

ruling their applications for asylum, withholding of removal, and protection under

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture ("CAT") abandoned. This court has jurisdiction under 8 U.S.C. § 1252. We deny the petition.

The IJ deemed the petitioners' applications abandoned because Lead Petitioner failed to provide her biometric and biographic information to U.S. Citizenship and Immigration Services. On appeal, the BIA concluded that the IJ acted within his authority. The IJ has the authority to deem applications abandoned for failure to provide biometrics, "unless the applicant demonstrates that such failure was the result of good cause." 8 C.F.R. § 1208.10. The BIA found that Lead Petitioner did not demonstrate good cause and dismissed the appeal. We review for abuse of discretion. *Gonzalez-Veliz v. Garland*, 996 F.3d 942, 948 (9th Cir. 2021).

Lead Petitioner claims she had good cause for failing to submit her biometrics because she was confused. But the BIA did not abuse its discretion by holding to the contrary. Lead Petitioner claims that she thought she had already completed her biometrics when she was fingerprinted at apprehension. But the IJ instructed her orally and in writing that she needed to update her biometric information. He told her clearly that failure to do so could result in her application being abandoned. Lead Petitioner never expressed to the IJ that she believed she had already completed the requirements. To the contrary, when asked if she understood the instructions, she said she did. Because Lead Petitioner does not provide good cause for failing to update her biometric information, the BIA did not abuse its discretion in ruling the

application abandoned. *See id.*

Lead Petitioner argues that she should be entitled to leniency because she was without legal representation. But pro se litigants aren't entitled to complete exemption from deadlines simply by virtue of being pro se. *See Gonzalez-Castillo v. Garland*, 47 F.4th 971, 980 (9th Cir. 2022) (refusing to exempt a pro se litigant from a filing deadline even when liberally construing the standards for pleading excuses).

**PETITION DENIED**.